Next case is Bonnie Marcus et al. versus PQ Corporation. Ms. Maloy? May I be the first to wish you a good afternoon? My name is Elizabeth Maloy. I represent the employer in this case, PQ Corporation. And with the court's permission, I would like to reserve four minutes for rebuttal. Corrected. Thank you. In district courts throughout this circuit, at the close of the evidence, in their arguments to the jury, the lawyers say, when I sit down, you're going to hear from the judge. And the judge is going to instruct you on the law to apply. You are the finders of fact, but the judge will instruct you on the law. It is very important in this court of law that the charge be correct. And it's our primary position that in this court, in this case, it was not. There are clearly some mistakes, right? But aren't you asking us to read several of those mistakes in isolation? And the law is quite clear, I think, in all the circuit courts of appeals, that we need to look at the jury charge as a whole. I completely agree that we need to look at the jury charge as a whole, and I'm sure that you will. And in that charge as a whole, there are seven different standards or recitations of the standard on a very, very important issue, which is what is the burden of proof in these cases? This is the core issue in these cases that turns on the liability. And in the first 18 lines, as I counted, there were four different standards. Burdens of proof in employment cases are complicated. I think we could get lots of lawyers and judges and law school professors to agree on that. But it's very important that it be correct. This is what the jury needs to listen to to apply the proper law. And it was incorrect as a threshold matter on the burden of proof. The Supreme Court has made it very clear in the Gross case that the burden of proof in an age discrimination case is because of age. It would not have happened but because of age. But for being the description of because of. And the court didn't say but for. Pardon me? The court did say but for. He said but for once or twice. The jury instruction also said motivated in part by, influenced in part by. It also said determinative. It did say determinative once, Your Honor, yes. But it was certainly on a critical issue. Confusing. Able for the jury to not know what the correct standard was to apply in this case on a very important issue. And the question for us is viewing the charge as a whole. Did Judge Foe properly convey the appropriate standard? I agree that that is the appropriate standard of review. And you look at the charge as a whole. But that is why I think the charge should be consistent and not be capable of different meanings. It's not a long charge. We weren't talking about criminal indictment with 20 counts. It was not a long charge. And within this short charge, they still got multiple versions of what the burden of proof could have been. And I also say it's especially important after a new Supreme Court case. Can you remind us what the verdict, I should remember but I don't, what does the verdict slip say? The verdict slip said a part for cause. Yes. It's the last thing, the most important thing the jury sees before they decide the fate of the clients, right? I do agree that theoretically it is what the jury does see. But if that were the case, Your Honor, I would say that we shouldn't have charges. We should just give them a very complicated verdict. Clearly, if the charge didn't say but for cause, and it said something other than but for cause, and the verdict slip said but for, you're a clear winner. But isn't your task made more difficult by virtue of the fact that the charge did say but for cause, did say determinative cause, and then the verdict slip had the right information on it? Well, I won't argue with you that my task is not made more difficult, but I think we would still prevail. Conflicting standards in a charge where the judge's obligation is to explain to the jury how they fill out those verdict forms and what the standards are. There's also an issue as to this cat's paw instruction. Sometimes I feel like I should have gone to veterinarian school, sitting around talking about cat's paw instruction. But this is also an important issue. When you read the transcript and when you read the plaintiff's brief, their whole case turned on this theory that there were subordinates who harbored some bias. Did he really give a cat's paw instruction? He said it was something to consider or something important to consider, isn't that what he said? He said that it could, I believe the precise language is that it could play an important factor. That would be an important factor to consider. You're not talking factually? Excuse me. Wouldn't that really be drawing the jury's attention to certain facts that they could consider? But the way it started was if you find, if you conclude, which is traditional charging language, if you conclude that an employee who had a role in the final decision to terminate was shown to have some bias, that would be an important factor to consider. What about causation? And causation is the really important factor in a case where we have a but-for standard of proof. We're not contending that the bottom commitment... But how can you say in light of gross that this is not a relevant instruction? Is not a relevant instruction? And no court, no appellate court has decided this. The two appellate decisions we cite to certainly question whether this cat's paw applies in an age discrimination case. And it's our position it does not because... How can you say that cat's paw or subordinate bias still exists after Schnauble? It's a summary judgment case, Your Honor. It says it may still exist. They don't decide it, but it says... It's got to be a but-for. It's got to be a but-for. Right. It says in age cases, the relationship, the causation must be more closely linked. So to answer your question, Judge Barry, the Supreme Court in Staub, their whole analysis was proximate cause, and they talk about a number of proximate causes. And this is a very interesting legal issue because it's new. But it certainly is our position that after Staub, in a but-for, because of, you can't have multiple factors, multiple proximate cause. And that's why the cat's paw instruction in this case was not correct. I'd also say, Judge Antwerpen, to answer your question, this came up after a clear request by the Plaintiff's Counsel at a sidebar. And as I started to say, we never did get the charge in advance. It was sort of an off-the-cuff charge. We didn't see it. We made objections afterwards. But there was a request for a cat's paw instruction. It wasn't in the context of these are 14 things or 10 things or 6 things you can consider in reviewing the evidence. I would agree that if it were in the context of these are, you can consider credibility and subordinate bias and statistics and this and this and this, timing, that that might be a different situation. But the charge is seared clearly if you conclude that an employee. We would also say on the multiple burdens of proof, the plaintiffs take the position that determinative factor is the standard and that Miller v. Cigna, which has been law for a long time, is the correct standard. I suggest that you don't even need to reach that. I disagree with that. I believe that under Gross, the standard is higher than determinative. But I suggest that you don't even need to reach that because when you look at the charge as a whole, there are still multiple conflicting. What's the difference between determinative and bug four? I think we've got a lot of people together to debate that. I think I would refer to the Supreme Court's decision in Hazen paper. And Hazen paper says, it cites to multiple cases, and Hazen paper says that determinative is more than motivating but less than predominant. And I would say that under Gross, when it's but four, but four has to be at least predominant. I would also suggest that these are very, very confusing words. And what do they mean? And it's hard to define. But that's why the jury charge needs to be consistent. You argue that Gross's requirement of but four means that age must be the predominant or main reason, yes? Yes, at least. But follow this. When there are two or more factors, age and funding, and they combine to cause a plaintiff's termination, aren't they both but four causes? Go ahead. Well, it would be the discriminatory reason in the liability. But they're both but four. They both could be but four? Yes. So how can you argue that the district court erred when it instructed the jury that age must be a decisive factor? Well, it would be our position, as I just explained, that I think under Hazen paper that's higher than decisive factor. But it's also that there were multiple different descriptions. A decisive factor, age was an important part. The decision was motivated at least in part. It was influenced by an important degree. All of those are less than, even if you want to apply decisive factor. Juries, when they get confused by jury instructions, they send questions to the trial judge. Let's stipulate for a minute that you're right, that the jury charge was ambiguous. Let's say it was ambiguous because the judge, and correct me if I'm wrong, but I understand your argument to be telling us that the judge was sending mixed signals to the jury. On the one hand, the judge is saying it has to be the but four cause. It has to be the determinative cause. On the other hand, it's saying a factor, etc., etc., which is clearly not the standard. Getting back to the verdict slip, I mean, if the jury was confused about it being something other than but four, wouldn't we have expected the jury to come back with a question and say, now, you know, this verdict slip is asking us was it but four causation, but when I heard your Honor's instructions, you were telling us it could be something less than but four causation. And I guess, your Honor, my answer to that is the juries don't have to come back. The jury did not have the charge. They did not take it in with them. Well, that's why I'm suggesting it wasn't confused, and it just followed what the verdict slip asked them. The verdict slip asked them a question. It was the right question. They answered the question. So what should compel this court to upend what the jury did? Because the charge needs to be correct, and the law and the standard of review isn't based on the possibility that they could have understood it correctly. It's based on the fact that the charge was correct. We know it wasn't correct, 100% correct, but we always review these cases under harmless error, etc. It's the odd trial, maybe it's just in my experience, but it's the odd trial where the judge does everything 100% correct. I mean, if you're going to have a jury in a box and you're there for several days, there might be an objection, the judge doesn't quite get right, there might be something they said in the instruction. Why shouldn't we conclude that whatever mistakes were made in the charge did not infect the jury's answer to the question of whether this was a but-for cause? I don't believe that under the circuit law you have the right to do that. It's whether the charge was confusing, could have been confusing, may have affected the outcome. And we don't know that. We didn't talk to all the jurors. Nobody had an opportunity, not that that would be admissible, but it could have, and that's why the charges need to be correct and not so conflicting on an important part. Great, thank you. We'll hear from Mr. Goldshaw. Good afternoon, Your Honors. Scott Goldshaw from Plaintiff's Bonnie Marcus and Women in White Party. The jury charge as a whole correctly instructed on the law, and that's why a defendant never objected to it. This is appeal by ambush. Any infirmity in the charge could have easily been addressed by the district judge at the time at trial. They objected as best they could. I mean, the trial judge didn't even give them the charge, right? They didn't have a charge. I mean, that's a pretty sharp deviation from accepted practice. I mean, the trial judge prepares the instructions, gives them to the lawyers a day or two or more before the charge, and they have a charge conference. None of that happened here. Your Honor, I have to take two issues with that. One is that Rule 51, which is underlined by strong policy consideration, specifically addresses the situation of what happens if there's no charging conference. It provides that there are still three requirements. One is that as soon as the charge is delivered or at the first opportunity, objecting counsel must state distinctly the matter objected to and must provide the grounds therefore. At no point in the district court, not even in post-verdict motions, did defendants ever argue that the charge was confusing in its statement of the but-for causation standard. They never argued that Gross somehow overruled this court's en bas precedent in Miller, which stated that but-for is the standard. It means a determinative cause. This court's en bas statement in Miller mentions determinative cause. Did it call for exceptions? Yes. The way it happened is the judge gave a charge and called a sidebar specifically for the purpose of taking objections. The way they do it in the state court. Yes, this judge did come from the state court system. They did follow that practice, and that's why Rule 51 was amended specifically in recognition of the fact that not every district court judge holds a charging conference. There could be fundamental error. There still could be error in a charge, even if you didn't accept if it was bad enough. In the event that the charge was really bad, it is under Rule 51 counsel's obligation to call that to the court's attention in a timely and distinct objection. I emphasize that never in any of the objections did defense counsel ever argue that the standard was not what this court's standard was in Miller. Do they argue cat's paw business judgment? I'll take it one at a time. One at a time. They never took issue with any of the phrases that they quote, most of which, by the way, are out of context and misleading. But some of them are confusing. You would agree with that, wouldn't you? I would not agree that reading this charge as a whole, any jury I've seen, some of the phrases were confusing, motivated at least in part by a desire to lower the age. An important part of the cause? I'll address those in turn. This court's en banc precedent in Miller specifically directs district courts to instruct that age must be both a motivating and a determinative factor. To instruct on both parts of the test is not confusing and is indeed required and approved by this court sitting en banc in 1995. In terms of Judge Wayne Antwerp and your remark about the important part, I have two responses to that. One is, throughout this entire charge, there was only one instance where the district court instructed on the motivating factor component of the Miller test, the important factor language I'm about to address, without balancing it with a determinative factor. And in the scope of this charge, when the jury in the verdict form was asked to answer whether age was, quote, a but-for cause of plaintiff's termination, which is a verdict form, incidentally, that the defendants approved in advance, without objection, in that charge, the phrase used, the operative phrase in the charge, was specifically defined on exactly one occasion by the district judge. It was correct. Defendants have not taken issue with that, even on appeal. And the phrase, important factor, in one instance was used without balancing it against a determinative factor clause. And in the context of a charge where in no less than six separate times the judge specifically told the jury that he could not find in favor of the plaintiff unless age was a determinative but-for factor. One time where the test was not balanced could not possibly create confusion in this jury, and I call this court's attention to its precedents, where in the prior precedents, I'm thinking of the Lockhart case,  it is quite clear from this court's precedents that even a misstatement of law contained in a charge that otherwise instructs on the issue does not provide a basis for plain error, or even in the Lockhart case, doesn't even meet the harmless error standard. And those cases have all dealt with fundamental issues. Under our jurisprudence in this court, have we required business judgment instructions? No, there are several problems with defendants' arguments on business judgment. Incidentally, Judge Hardeman, business judgment is the only objection that they have presented to this court that was actually presented to the district court. I thought they objected to the cat's paw instruction also. No, there is a colloquy at the sidebar where plaintiffs requested a cat's paw instruction, defendants opposed it, but this court's task on appeal is to determine whether the instruction actually given was correct, and the instruction actually given by the court was undeniably correct. Once evidence has been admitted as relevant during the course of the trial, it cannot possibly be for a judge to inform the jury they should consider that. I understand. I'm not going to the merits. I'm saying they did timely object to the cat's paw. That is incorrect. Let me specify. Let me be very clear. They made the objection that the cat's paw instruction was not warranted based on the facts of the case, but the cat's paw argument they're making on appeal is that cat's paw is categorically inapplicable to ADEA cases, and that was absolutely never made to the district court. The only objection they make on appeal... You're saying the objection of the trial court was that the facts as developed at trial didn't warrant that instruction, not that the instruction is categorically inappropriate. Absolutely. Absolutely. I still have a question hanging out there. Whether arduous prudence requires a cat's paw instruction. I'm sorry, business judgment. Whether arduous prudence requires a business judgment instruction. The answer is no. I have three responses before even getting to that, Your Honor. Even if a business judgment instruction may be appropriate, it is within the district court's discretion whether it is warranted in a particular case. In this case, we never challenged the defendant's business judgment. But didn't they really charge the jury that they have a right to hire and fire people? Effectively, that is the business judgment. In that case, let me start with the third point, which is that they substantially covered the charge. Substantially covered it on two occasions. However, I do want to make sure it's clear that we in this trial never challenged the wisdom or the harshness or the reasonableness of their business judgment. Our position is the explanation they offered was a lie. They lied. That was how we proved pretext. But to answer the legal question, I'm going to try a second time to get there, Your Honor. The answer is that the Eighth Circuit stands alone in categorically requiring a business judgment instruction. By the way, even in the Eighth Circuit, there's still a harmless error test that needs to be passed in order for it to be reversible. But I think that the other four circuits to address the error issue have refused to adopt that for the simple reason which applies in this case, which is that if a but-for instruction is given and a jury is told that they may not find in favor of the plaintiffs unless age was a but-for cause of their termination, that instruction necessarily precludes a finding for plaintiffs on the basis of any other factors, such as a disagreement with business judgment. I would note, though, admittedly not precisely the same issue, that a very closely related doctrine is the employment-at-will doctrine. And this court has addressed that and found that an at-will instruction is not required. I would like to address some of the additional arguments that the defense counsel made regarding the tax law. In addition to the fact that the only task for this court, should it choose to reach it, which it does not need to because it was not presented in the course of an objection to the district court, is that the instruction given is what was correct under this court's precedents, and there can be no serious dispute about that. Defense counsel has argued that this is an interesting and new legal issue because the style of decision came out in the Supreme Court. Those are all reasons why this court cannot find plain error. Plain error can only exist if the current course of the law is clear or obvious. By defense counsel's own admission, it certainly isn't here. I also need to clarify that the Simmons opinion that defense counsel relies upon primarily is absolutely misrepresented by defendants to this court in both its initial brief and the reply brief. Defense counsel correctly notes in the block quote it provides that the Simmons court does know. In the Stahl case, the Supreme Court was dealing with a situation where, under Title VII, motivating factors is sufficient for liability, and now we can't automatically, without thought, apply that to the age context because, under Gross, the ADA requires but-for law. You have an appeal that you're not going to be able to argue if you don't move on in your own appeal. I'll wrap up this point and then move on to my cross-appeal issues. To finish this thought, I lost a thought for just a session. The Simmons case, in the very next sentence that the defendant does not quote, states that despite this distinction in the level of causation, the same underlying precedents of agency apply to court. And therefore, it's just not supportive of their position. I'd now like to turn to the cross-appeal issues and then hopefully double back and address the defendant's argument on judgment as a matter of law briefly. We have two issues on cross-appeal. First is that we take issue with the district court's decision not to award pre-judgment interest, and second, with the district court's decision not to award an amount to offset the negative tax consequences to plaintiffs of receiving their back pay in one month's time. As to this issue on pre-judgment interest, this court's precedents in Booker make clear that there is a strong presumption in this circuit. Did the district court misapprehend that standard? As far as I could tell, Your Honor, the district court did not apply that standard. What's the evidence of that? There is a standard. Just fail me to refer to the standard? Is that what we're doing? No, no. I'll answer it. Let me take one step back, and I'll get there. Booker makes clear that in order for pre-judgment interest to be denied, a district judge is required to set forth a valid reason for doing so. Well, didn't he discuss the damages? This is a portion of, they discussed liquidated damages only, which Starczewski, issued by this court, specifically finds is not a valid reason for denying that only. He said it would be a windfall, right? He said it would be a windfall, and he explained that statement in one way only. Defendant, in its brief, pulls from other portions of the opinion, which are not discussing that issue, and presents them as if they're part of the judge's reasoning. However, they are absolutely not. A review of the judge's opinion, district court's opinion in this matter, shows that he disposes of both issues in a single sentence, where he treats both issues together. And the only explanation offered as to why this judge thought that it would be a windfall is because there was an award of liquidated damages. The Starczewski opinion is true. Particularly in light of the award of liquidated damages, is what he says. And while it is possible that the district court may have conceivably had other factors in mind that need not concern this court, because this court requires a district court to set forth a valid reason, and if not, reversal is the proper course. Why isn't remand the proper course? Why don't we send it back and say you didn't cite or apply the proper standard. Now's your chance to do so. Well, my first response is because that's what Booker did, the Third Circuit. And Booker did not remand. He remanded with instructions to award the projected interest. What do you think a fair reading of Judge Furman's statement would be that, on the whole, the equities of the case do not, just simply do not justify the awarding of an even greater award than your client's received? I wouldn't characterize it that way, because I think that it's the role of the jury to determine liability and damages. It's not the province of the judge to deny an item of make-all relief once the jury has found liability. There can be no serious dispute. Well, now you're saying we need to award it in all cases, then. In all cases. You're saying prejudged interest is make-all relief, and that has to be awarded. But clearly, the judge has discretion not to. I'm saying, in all cases, except, and this is the standard articulated by this court, except where unusual equities would result. That's why there's a strong presumption in favor of awarding it. Because there's a recognition that. Do we know what those unusual equities might be? Is there a body of case law that tells us that? I ask myself, is the only case like that. It's really odd to say it's discretionary, but then require a standard that seems to make it mandatory. Isn't that where we find ourselves? Perhaps. And I think that, nonetheless, the standard is clear. Because the Third Circuit has stated it. And I think that Judge, in this case, clearly did not meet the standard for denying prejudgment interest. To answer your question, Judge Hardiman, I found one case, and please don't ask me for the same. But there was a case where, pursuant to some agreement of the parties, one party actually gave the money to be held in escrow by the plaintiff. And so the plaintiff actually did have use of the money. And in that case, it would be the unusual equity where that plaintiff should not, in addition, get prejudgment interest, because they, in effect, had use of the money. And I think that is the case, but I would be guessing if I answered. I haven't directly addressed the negative tax consequences or the motion for general election. It would fall within the same room, for a particular amount of disposition. It's equitable make-all relief. And the only difference would be. No presumption. You said that in the actual room. Yes, but no presumption. I think the reason for no presumption is because it cannot be presumed in every case that a plaintiff will actually fall into a different tax bracket in the event the back pay is awarded all in one lump sum. However, in this case, there is unrebutted evidence that our plaintiffs will indeed pay higher taxes, because they will fall into a higher tax bracket. And under those factual circumstances, I submit that the same factors that make the strong presumption of prejudgment interest required also apply in the case of this award, because the statute's purpose is to make the plaintiffs whole. And it's undeniably, based on this record, necessary to make these plaintiffs whole. Thank you, Mr. Wiltshire. Thank you. Rebuttal, Ms. Marley? I would first like to address the waiver argument. And on the cat's paw instruction, I would refer you to pages. These are appendix pages 1013 and 1014. And the objection was that they had, and this is a discussion of cat's paw, and that was the basis of it. And it's improper, because the standard is the but-for instruction. So I certainly think it's preserved, both in this case and in a but-for case. As to the, am I confusing? I'm sorry. I'm first addressing the cat's, the objection to the cat's paw instruction. Counsel's first salvo was that regardless of what you might have said about cat's paw, business judgment, business necessity, you did not object to the jury instructions. Oh, that's not. Where can you cite in the record that that was made? As to the jury instructions in general, or I was breaking it into the two different arguments. Your first, you spent most of your time trying to persuade us that we should vacate because the seminal jury instruction required but-for causation was confused, diluted, altered by the different language that we've all agreed to. So where in the record is that objection preserved? Your Honor, I would turn your attention to page 1020 of the appendix. And our objection was, I think it's very important that the application of but-for, which was proposed in instruction number six, be given to the jury. And you could look at instruction number six that's proposed. It's a long instruction. And we believe that's where it's preserved. Was that after he gave the instructions to the jury? It was, Your Honor. That was our first opportunity to object. So this was a bad page. He had a sidebar. He had a sidebar. He had a sidebar. Mr. Ennis made some objection at the sidebar. And that wasn't it. There were two opportunities. One was at the sidebar. And the other was after the jury was dismissed. But the time to object is before the jury was dismissed, before the jury gets to deliberate. Your Honor, I would agree with that in a perfect world. But we didn't have the charge to read. There was no charge in conference, in my position, in violation of Rule 51. And you're sitting there trying to take notes on something that you've never heard before. And it is very hard. Was there any request made for a charge conference? Or were there any proposed charges? Can't you tell us before you charge what you're going to give and what you're not going to give? No, there was not. Judge Fulham told us that he was going to instruct in accordance with the party's instructions. And if you actually look at the party's instructions, they don't differ very much. And under Rule 51, our opportunity was to object at first time. We could. So I think I've addressed those two arguments. And also, of course, if you decide not to apply the plenary standard of review, there is the plain error standard of review. And the second thing I wanted to call your attention to was page, the bottom of 1013 and 1014, which is the instruction to the cat's paw. So it not only says it's improper under these facts, but it also says, and it's improper because the standard is for instruction. So we believe that they have been preserved. And in any event, errors over the standard of review, we believe, meet the plain error standard. Let me just address briefly the cross-appeal. And the only thing I have to say to you is that if the plaintiff's contention that Judge Fulham's decision wasn't expansive enough, really, what am I supposed to do? I would say that if the plaintiff were going to rest their hat on appeal on an opinion that says the judge wasn't expansive enough, and then it was their obligation to ask for reconsideration to have a more expansive opinion. Well, expansive enough or not, shouldn't we at least require the trial judge to cite the presumption? I mean, isn't a remand warranted for that purpose? We have more evidence than I can find that the trial judge appreciated that the law of the circuit is that prejudgment interest is presumed. I don't know this for sure, Your Honor. I assume that was briefed by the plaintiffs. There was extensive briefing on all of these post-trial motions. But the law is that the court may, may give it. Even if he did appreciate that, clearly, whether he appreciated our statement, I think, in Starczewski, that the array of liquidated damages can't be used as a proxy for prejudgment interest. Prejudgment interest is qualitatively different than the statutory liquidated damages. And I would say that you look at his opinion as a whole. It's an abuse of discretion, standard of review. The problem is we really don't know what he decided, other than it's a roomful, particularly because. Particularly because, correct. Standard of review. What other reasons there might have been. And I would say that is at his discretion to find that Starczewski doesn't say it always has to be given. It says it may. Thank you. The case was very well argued. We'll take it under advisement.